IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REVEREND GREG LEWIS, SOULS TO THE
POLLS, VOCES DE LA FRONTERA, BLACK LEADERS
ORGANIZING FOR COMMUNITIES, AMERICAN                    ORDER
FEDERATION OF TEACHERS, LOCAL, 212, AFL-CIO,
SEIU WISCONSIN STATE COUNCIL and LEAGUE                 20-cv-284-wmc
OF WOMEN VOTERS OF WISCONSIN,

                        Plaintiffs,

        v.

MARGE BOSTELMANN, JULIE M. GLANCEY, ANN S.
JACOBS, DEAN KNUDSON, ROBERT F. SPINDELL, JR.,
MARK L. THOMSEN, and MEAGAN WOLFE,

                        Defendants.

In this case, plaintiffs, various individuals and organizations, sought postponement of the April 7, 2020, election, among other requests for relief. Before the court is plaintiffs' motion to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2) on the basis that those claims were rendered moot by the conclusion of that election. (Dkt. #147.) While the motion itself is unsurprising, it is accompanied by plaintiffs' request that the dismissal be "with statutory costs" and "with the Plaintiffs retaining their right to seek attorneys' fees and non-taxable expenses pursuant to 42 U.S.C. § 1988." (*Id.*) In response, intervening defendants the Wisconsin Legislature, the Republican National Committee and the Republican Party of Wisconsin do not oppose dismissal of this case, but contend that the court should not award costs, fees or non-taxable expenses because plaintiffs are not prevailing parties under Federal Rule of Civil Procedure 54(d) or under 42 U.S.C. § 1988.

There is no motion for fees and expenses under § 1988 before the court; nor have plaintiffs filed a bill of costs. Accordingly, the issue of whether plaintiffs are prevailing parties also is not before the court. Moreover, the court may dismiss this case and retain jurisdiction over any fee petition and/or bill of costs. *See* Fed. R. Civ. P. 54(d). Should plaintiffs opt to file a petition, the court will certainly consider whether plaintiffs have "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Similarly, if plaintiffs file a bill of costs, the court will also consider whether plaintiffs "prevail[ed] as to a substantial part of the litigation" -- a higher bar than that under § 1988. *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017). None of this, however, is before the court at this time.

Finally, in their motion, plaintiffs did not mention whether they seek dismissal with or without prejudice, though presumably the latter since the rule cited provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). In their opposition, the intervening defendants contend that the dismissal should be with prejudice in light of the intervening defendants' efforts in defending against the preliminary injunction. (RNC's Opp'n (dkt. #151) 2.)[1] While the court recognizes that the intervening defendants expended resources to defend

---

[1] While also responding to intervening defendants' request that the dismissal be with prejudice, plaintiffs also sought leave to file a reply brief in support of their motion, extensively briefing the prevailing party status. (Dkt. #154.) The court will grant in part and deny in part that motion, granting leave to respond to defendants' request that the dismissal be with prejudice, but denying leave to respond to the prevailing party status argument. Accordingly, the court has reviewed the pertinent part of plaintiffs' proposed reply.

against the preliminary injunction, the court is also cognizant that a dismissal with prejudice *may* impact plaintiffs' ability to adjudicate similar claims concerning future elections, a particular concern here since two of the *Lewis* plaintiffs are participating in related actions as to upcoming elections. Moreover, the court cannot discern any ruling to date that would support dismissal with prejudice or, frankly, prejudice the intervening defendants except with respect to ongoing issue that remains in dispute between the parties or may arise again in some other context.

Regardless, since the current suit concerned itself only with the April election and is now plainly moot, the court will dismiss this case under Rule 41(a)(2) without further comment on its prejudicial effect. Should defendants continue to maintain their entitlement to more, they, too, are welcome to bring a formal motion to amend the dismissal, briefing their entitlement to that relief. Accordingly,

IT IS ORDERED that:

1) Plaintiffs' motion to voluntarily dismiss their claims pursuant to Federal Rule of Civil Procedure 41(a)(2) (dkt. #147) is GRANTED. This case is dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2).

2) Plaintiffs' motion to file a reply brief (dkt. #154) is GRANTED IN PART AND DENIED IN PART.

Entered this 17th day of June, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

3